UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER ALLAN,                                                           Case No. 17-CV-5131 (PJS/DTS)

           Petitioner,

v.                                                                                  ORDER

JODI HARPSTEAD, Commissioner of the
Department of Human Services,

           Respondent.

Peter Allan, pro se.

Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

This matter is before the Court on petitioner Peter Allan's objection to the August 3, 2020 Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz.  ECF No. 44.  Judge Schultz recommends denying Allan's petition for a writ of habeas corpus for failure to exhaust his available state-court remedies.  In the alternative, Judge Schultz recommends denying Allan's petition on the merits.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Allan's objection and adopts the R&R.

Allan was indefinitely committed to the Minnesota Sex Offender Program ("MSOP") as a sexual psychopathic personality and a sexually dangerous person in 2009.  ECF No. 29-1 at 93–99.  In 2014, Allan filed a petition for a reduction in custody

pursuant to Minn. Stat. § 253D.27.  *See* ECF No. 29-2 at 92.  After the special review board recommended that his petition be denied, Allan sought rehearing and reconsideration from the judicial appeal panel, which adopted the special review board's recommendation.  *Id.* at 92–99.  Allan appealed the decision to the Minnesota Court of Appeals, which affirmed, *id*. at 232–35, then sought further review from the Minnesota Supreme Court, which declined on August 22, 2017, *id*. at 308.  Three months later, Allan filed the instant habeas petition arguing, on the basis of *Foucha v. Louisiana*, 504 U.S. 71 (1992), that his ongoing civil commitment violates his right to due process under the Fourteenth Amendment because he is not currently dangerous and suffering from a serious mental illness.[1]

### A. Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and quotation marks omitted).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of

---

[1] Allan also raised a number of other claims in his habeas petition, but because Allan has not objected to the R&R's disposition of those claims, the Court addresses only Allan's due-process claim.

discretionary review), thereby alerting that court to the federal nature of the claim." *Id*. "To 'fairly present' his claim, the petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts. This allows the state court to apply the controlling legal principles to the facts that constitute the federal claim." *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994).

Judge Schultz found that Allan failed to present his *Foucha* due-process claim to either the Minnesota Court of Appeals or the Minnesota Supreme Court. Allan does not really dispute Judge Schultz's finding—and, after reviewing the record (including the briefs that Allan submitted to both state courts) the Court agrees that the claim is unexhausted. *See id.* ("The federal legal theory or theories must plainly appear on the face of the petitioner's state-court briefs.").

Allan made two arguments in appealing the denial of his petition for a reduction in custody. *See* ECF No. 29-2 at 236–52, 287–98. First, Allan argued that under Minnesota law, he no longer satisfies the statutory requirements for civil commitment and is entitled to a full discharge. *Id*. at 240–41, 246–48, 293–95. Second, Allan argued that because it is impossible for him to complete treatment at MSOP, his ongoing commitment violates his due-process rights. Specifically, Allan argued that because he is subject to a federal detainer, he would not be allowed to transition to the lower-security facility that MSOP uses in the final phase of treatment. Because he can never

enter the final phase of treatment, Allan argued, he can never complete treatment, and because he can never complete treatment, he can never be released.  Allan argued that he was therefore perpetually committed in violation of the Due Process Clause.  *See id.* at 241–42, 249–51, 295–97.

Although Allan made a due-process argument before the state courts, he did not make the due-process argument that he now makes in seeking federal habeas relief.  Specifically, Allan did not argue before the state courts that his ongoing commitment violates his right to due process because he is no longer mentally ill and dangerous.  The Court therefore agrees with Judge Schultz that Allan's *Foucha* due-process claim is unexhausted.[2]

In his objection to the R&R, Allan argues that "[t]o the extent" his "claims are unexhausted, the State remedies were/are 'futile,' 'unavailable,' and/or 'ineffective.'" ECF No. 44 at 14.  Allan evidently means to invoke § 2254(b)(1)(B), which provides an exception to the exhaustion requirement where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  Allan makes no argument as to why the exception

---

[2] *See Ford v. Norris*, 364 F.3d 916, 918–19 (8th Cir. 2004) (finding that although petitioner challenged the prosecution's statements under Arkansas law in state-court proceedings, he did not raise a constitutional challenge in state court; because the federal issue was never properly before the state court, the state court's decision did not involve an unreasonable application of federal law).

should apply in this case, and none is apparent from the record.³ The Court therefore agrees with Judge Schultz that Allan's habeas petition must be dismissed for failure to exhaust state-court remedies.

### B. Merits

Judge Schultz went on to find that even if Allan had exhausted his available state-court remedies, his due-process claim would nonetheless fail on the merits. Allan argues that, under *Foucha*, he may be civilly committed only for as long as he is both mentally ill and dangerous. Allan devotes most of his 16-page objection to the R&R to

---

³First, there is plainly "an available State corrective process," as Allan could have raised his *Foucha* due-process claim in his petition for a reduction in custody. *See Rick v. Harpstead*, No. 19-CV-2827 (NEB/DTS), 2020 WL 4928317, at *4 n.3 (D. Minn. July 24, 2020) ("the judicial appeal panel may consider constitutional arguments embraced by its jurisdiction over reductions in custody" (citing *Spartz v. Jesson*, No. A14-1199, 2014 WL 7344385, at *5 (Minn. Ct. App. Dec. 29, 2014))), *R&R adopted*, 2020 WL 4926613 (D. Minn. Aug. 21, 2020). Indeed, Allan may raise his *Foucha* claim in a future petition to the special review board. *See* Minn. Stat. § 253D.27, subd. 2 (providing no limit on when a petitioner may seek discharge from the special review board, except that he must wait six months between attempts).

Second, Allan offers no argument in support of his claim that his available state-court remedies are futile or ineffective. The exhaustion requirement may be excused due to the ineffectiveness of an available state-court remedy only in "highly exceptional circumstances." *Jones v. Solem*, 739 F.2d 329, 331 (8th Cir. 1984); *see also Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975) ("Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile."). As Allan has identified no such circumstances in this case, Allan's failure to exhaust is not excused under § 2254(b)(1)(B). *See Rick*, 2020 WL 4928317, at *4 (rejecting argument that petitioning the special review board for discharge from civil commitment is "inadequate" within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii)).

arguing that he does not satisfy either criteria, and to arguing that the contrary conclusion of the Minnesota Court of Appeals is unsupported by the evidence.[4]

The Court's review of the state-court proceedings is narrow and highly deferential. *See Renico v. Lett*, 559 U.S. 766, 773 (2010). "A federal court will not grant habeas relief unless a state court's decision 'was contrary to, or involved an unreasonable application of, clearly established federal law' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1)–(2)). The factual findings of the state court are "presumed to be correct," and this presumption can be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). To obtain habeas relief, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Significant deference to the state court's decision is necessary to ensure that federal habeas review remains "a guard against extreme malfunctions" in the state-

---

[4]Because the Minnesota Supreme Court denied review, the Court looks to the decision of the Minnesota Court of Appeals, which is the "last reasoned decision" of the state courts. *Mark v. Ault*, 498 F.3d 775, 783 (8th Cir. 2007).

court system and "not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (citation and quotation marks omitted).

Allan argues that the state court's denial of his petition for a reduction in custody was factually erroneous because the evidence shows that he is no longer mentally ill and dangerous. Allan relies heavily on the report of Dr. Robert Riedel, the court-appointed psychiatrist who testified before the judicial appeal panel and recommended Allan's discharge. Allan argues that Dr. Riedel's report and testimony show that Allan does not suffer from a mental illness, is unlikely to re-offend, and does not pose a danger to the public. Allan attacks the credibility of the two other psychiatrists who attempted to evaluate him (Allan refused to be interviewed by either) and whose reports (based on Allan's voluminous records) were less optimistic about Allan's diagnosis and dangerousness than Dr. Riedel's report.

After review of the record that was before the Minnesota Court of Appeals, the Court agrees with Judge Schultz that the denial of Allan's request for a full discharge was based on a reasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Notwithstanding Dr. Riedel's testimony that Allan suffers only from antisocial and narcissistic traits and features and that he does not pose a danger to the public, *see* ECF No. 29-2 at 137–39, there was sufficient evidence before the Minnesota Court of Appeals to support its conclusion that Allan's continued civil commitment is lawful.

For example, as the R&R explains, Dr. Riedel's finding that Allan does not pose a danger to the public was based on his assumption that Allan would complete federal sex-offender treatment through the Bureau of Prisons ("BOP") after being released from state custody. *Id.* at 155–56. Dr. Riedel testified that Allan *does* still need inpatient sex-offender treatment and that he *would* pose a danger to the public if he were to be freed without completing the federal program. *Id.* at 142, 173. But as the judicial appeal panel explained in denying Allan's petition, "there is no requirement that [Allan] enter into and complete sex offender treatment while in Federal custody." *Id.* at 99. There is no guarantee that the BOP would even *offer* inpatient sex-offender treatment to Allan; after all, Allan insists that he has "no qualifying disorder or disorder whatsoever," that he "doesn't even have *any mental health issues*," and that he "has no sexual disorder," which would seem to make him a poor candidate for treatment. ECF No. 44 at 2, 7, 14. Moreover, there is no guarantee that, even if the BOP offered treatment to Allan, Allan would accept the BOP's offer. Allan *declined* sex-offender treatment during the approximately seven years that he served in federal custody prior to his civil commitment, and, as noted, he insists that there is nothing wrong with him. *See* ECF No. 29-1 at 59. (Dr. Riedel testified that he was unaware of the fact that Allan had been offered sex offender treatment in prison and refused it. ECF No. 29-2 at 143.)

Finally, Allan has filed a motion for leave of court to allow additional expert evidence. ECF No. 46. Allan asks the Court to consider a letter from a psychiatrist dated July 27, 2020. *See* ECF No. 47. Allan attempted to submit a longer letter from the same psychiatrist before the R&R was issued, but Judge Schultz declined to consider the evidence because it was not part of the record in the state-court proceedings. *See* ECF No. 43 at 1–2 n.1. Allan's current request to submit new evidence is denied for the same reason. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).[5]

---

[5]Allan asks for an opportunity to amend his habeas petition. ECF No. 44 at 15. But Allan gives no indication of the substance of his proposed amendment, and thus the Court cannot find that an amendment should be permitted in the interests of justice. Allan's request is accordingly denied. *See* Fed. R. Civ. P. 15; D. Minn. L.R. 15.1(b) (motion to amend must be accompanied by a copy of the proposed amended pleading); *see also* 28 U.S.C. § 2242 (a habeas petition may be amended as provided in the Federal Rules of Civil Procedure). Allan has also renewed his request for appointed counsel to assist him in litigating his habeas petition. ECF No. 16; ECF No. 44 at 15. For the same reasons that Judge Schultz previously denied Allan's request for the appointment of counsel, *see* ECF No. 26, and because there is nothing further to litigate in this case, Allan's request is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Allan's objection [ECF No. 44] and ADOPTS the August 3, 2020 R&R [ECF No. 43].  IT IS HEREBY ORDERED THAT:

1. Allan's application for a writ of habeas corpus [ECF No. 1] is DENIED.

2. Allan's motion for leave of court to allow additional expert evidence [ECF No. 46] is DENIED.

3. This action is DISMISSED WITHOUT PREJUDICE.

4. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 1, 2021       s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge