UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETER ALLAN,            Case No. 17-CV-5131 (PJS/DTS)

         Petitioner,

v.            ORDER

JODI HARPSTEAD, Commissioner of the
Department of Human Services,

         Respondent.

Peter Allan, pro se.

Matthew Frank and Molly Beckius, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

This matter is before the Court on petitioner Peter Allan's motion to reconsider. ECF No. 54. For the reasons that follow, that motion is denied.

Allan filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 16, 2017 challenging the constitutionality of his ongoing civil commitment to the Minnesota Sex Offender Program.[1] ECF No. 1. After receiving briefing from both parties, Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending that Allan's petition be denied for failure to exhaust his available state-court remedies, or in the alternative that Allan's petition be denied on

---

[1] Allan's petition was stayed by order of Chief Judge John R. Tunheim pending the outcome of *Karsjens v. Piper*, No. 11-3659 (DWF/TNL). ECF Nos. 4, 22. On January 30, 2020, at Allan's request, Judge Tunheim lifted the stay. ECF No. 25.

the merits. ECF No. 43. Allan objected, and in an order dated February 1, 2021, the Court overruled that objection and adopted Judge Schultz's R&R. ECF Nos. 44, 51. Judgment was entered the next day. ECF No. 53.

Allan now moves for "reconsideration" pursuant to Fed. R. Civ. P. 59(e).[2] "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Allan's motion does not identify any "manifest errors of law or fact" or any "newly discovered evidence." Instead, Allan merely reiterates the arguments that he made to Judge Schultz, and that he made to this Court in his objection to Judge Schultz's R&R. Accordingly, Allan's Rule 59(e) motion is denied.

Allan protests that he should not be required to return to state court to exhaust his remedies, as "it may take another five to seven years to get back to this court." ECF

---

[2] Under LR 7.1(j) "a party must not file a motion to reconsider" without the Court's prior permission. To obtain permission, a party must "show compelling circumstances" and must make the request by filing and serving "a letter of no more than two pages." *Id.* Allan made no such request, and he did not have the Court's permission to file a motion to reconsider. Accordingly, the Court construes Allan's motion as motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), and not as a motion for reconsideration.

No. 54 at 5; *see also* ECF No. 51 at 1–2 (noting that Allan began the process of seeking relief pursuant to the state's administrative process in 2014). But the fact that the exhaustion of state-court remedies is a lengthy process is not a reason to excuse the clear statutory requirement that Allan present his arguments and all supporting evidence to the state before seeking relief from this Court. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Allan's motion for reconsideration [ECF No. 54] is DENIED.

Dated:  February 16, 2021          s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge